### SIMONOFF v. HORWITZ et al.

(Supreme Court, Appellate Term. October 27, 1905.)

EVIDENCE—BURDEN OF PROOF.
    The burden of proving a counterclaim is on defendant.
    [Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 120.]

Appeal from Municipal Court, Borough of Manhattan.

Action by Barnet Simonoff against Vincent Horwitz and others. From a judgment in favor of defendants, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

H. Gettner, for appellant.
A. A. Joseph, for respondent.

FITZGERALD, J. Action for goods sold and delivered to defendants by plaintiff's assignor. Sale and delivery were not denied, and the defense interposed was purely affirmative by way of counterclaim. The averments of the counterclaim were that between February 11 and April 18, 1904, defendants had sold to Lena Simonoff, plaintiff's assignor, certain merchandise at the agreed price of $193.22, on account of which $102.24 had been paid, leaving a balance due of $90.98 as against said Lena Simonoff; that on October 6, 1904, said Lena Simonoff delivered to defendants merchandise of the value of $97.90, which was accepted by defendants in full payment and satisfaction of her indebtedness to them. Briefly stated, the contention of defendants was that Lena Simonoff was their debtor and that they had accepted in extinguishment of her debt to them the bill of goods for which she brought

suit. The version of the transaction was substantially accepted by the court below.

The burden of proving the counterclaim was upon the defendants, and at the close of their case, and also at the end of the entire case, plaintiff moved for judgment, on the ground that defendants had failed to prove the counterclaim. It appears clearly from the defendants' testimony that Louis Simonoff was indebted to them for the price of the merchandise set up as a counterclaim against Lena Simonoff, and the evidence further is that Louis Simonoff's note was received by defendants in full settlement of their claim against him. The proof then is that the goods sought to be counterclaimed for were not sold and delivered to plaintiff's assignor, but to another, and a finding in the defendants' favor upon such a proposition is against evidence.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.